IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTY THOMPSON, FOEST RATHEY-WITHERSPOON,
AND WINONA ROBINSON, INDIVIDUALLY AND
ON BEHALF OF OTHERS SIMILARLY SITUATED        PLAINTIFFS

v.                    Case No. 5:12CV00164 KGB

CORIZON, INC.,
f/k/a CORRECTIONAL MEDICAL SERVICES, INC.
d/b/a CORRECTIONAL MEDICAL SYSTEMS            DEFENDANTS

## ORDER OF DISMISSAL

Plaintiffs Christy Thompson, Foest Rathey-Witherspoon, and Winona Robinson filed this matter on behalf of themselves and all others similarly situated, asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Before the Court is the parties' joint motion to approve settlement agreement and to dismiss the case with prejudice (Dkt. No. 11). The parties have reached a settlement agreement in this case and hereby request that this Court approve the settlement and dismiss the case with prejudice.

The parties submitted the Settlement Agreement and Release to the Court under seal, and the Court has reviewed the terms of the parties' agreement. Plaintiffs purport to settle only their individual claims. The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps. "First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee

and furthers implementation of the FLSA in the workplace." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The record before the Court does not indicate how the settlement figures were calculated. However, the sealed documents include settlement amounts and representations regarding those amounts as agreed to by all parties. The pending motion to approve the settlement agreement also indicates that "[t]he parties jointly represent to the Court that the amount Defendant is agreeing to pay Plaintiffs under the Settlement Agreement is very close to the full value of Plaintiffs' asserted claims and that the compromise reflects a balancing of interests by both sides with regard to the risks of continued litigation, the possibility of an unfavorable outcome for either side, the delay inherent in litigation, and the additional fees and costs associated with continued litigation" (Dkt. No. 11, at 2). For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the settlement agreement and release, the Court determines that plaintiffs' recovery is a reasonable approximation of amounts owed under the FLSA. The Court approves the Settlement Agreement and Release of plaintiffs' FLSA claims.

IT IS THEREFORE ORDERED that the complaint and all claims in this action against defendants are hereby dismissed with prejudice.

The Court retains complete jurisdiction for 30 days to vacate this order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

SO ORDERED this 1st day of April, 2013.

_____
Kristine G. Baker
United States District Judge